IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JERRY WAYNE AVERY, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:13CV551 |
| v. ) | 1:07CR302-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Jerry Wayne Avery, Jr., a federal prisoner, brings a Motion [Doc. #34] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which Respondent opposes with a Response [Doc. #41]. Petitioner pled guilty to two counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). He received a total sentence of 262 months imprisonment as a career offender under USSG § 4B1.1. Petitioner contends that he received ineffective assistance of counsel because his attorney failed to challenge the use of a 1996 North Carolina drug conviction as a predicate for the career offender sentencing enhancement. He also claims that the use of this predicate was improper under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), because he did not face more than a year in prison for that prior conviction. Finally, Petitioner claims that he received ineffective assistance of counsel from an attorney hired to prepare his § 2255 motion. All of Petitioner's claims quickly fail.

As Respondent correctly points out, Petitioner's 1996 conviction was not used as one of the three convictions listed to establish his status as a career offender. (Presentence

Report ¶ 21.) Therefore, there is simply no factual or legal basis for his first and second claims for relief. Further, as to the second claim for relief, the United States Court of Appeals for the Fourth Circuit recently addressed the question of whether a career offender challenge was cognizable on collateral review, and held that a challenge to a career offender designation based on Simmons was not the type of alleged sentencing error that could be corrected on collateral review. United States v. Foote, 784 F.3d 931, 943 (4th Cir. 2015), cert. denied, ___ U.S. ___, 135 S. Ct. 2850 (2015). Therefore, Petitioner's career offender challenge in this case is not cognizable in this collateral review proceeding in any event.[1] Finally, as to Petitioner's claim that he received ineffective assistance of counsel in preparing his § 2255 Motion, this allegation does not state a viable claim for relief, as there is no right to counsel in a § 2255 proceeding, and Petitioner's underlying claims are without basis in any event, as discussed above. Petitioner's Motion should be denied.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion [Doc. #34] to vacate, set aside or correct sentence be denied and that this action be dismissed.

This, the 21st day of September, 2015.

                                                           /s/ Joi Elizabeth Peake
                                                         United States Magistrate Judge

---

[1] The Government also contends that Petitioner's claim is barred by an appeal and collateral review waiver included in his plea agreement and by the applicable statute of limitations. It appears that these arguments would also defeat Petitioner's § 2255 Motion. See Beckham v. United States, 592 F. App'x 223 (4th Cir. Feb. 9, 2015) (unpublished) (affirming the denial of a Simmons claim based on a plea agreement's waiver of collateral review rights); Whiteside v. United States, 775 F.3d 180, 187 (4th Cir. 2014) (en banc) (holding that Simmons did not create an exception to the applicable statute of limitations).