IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:07-CR-302 |
| | ) | |
| JERRY WAYNE AVERY, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION, ORDER, and JUDGMENT REDUCING SENTENCE**

Catherine C. Eagles, District Judge.

In 2007, the defendant-inmate, Jerry Avery, pled guilty to cocaine and firearms charges. He has filed motions for sentence reductions pursuant to the First Step Act. Mr. Avery is eligible for a sentence reduction under § 404, and that motion will be granted. Because the Court takes his COVID-19 risk factors into account in determining an appropriate reduced sentence under § 404, a further reduction under § 3582(c)(1)(A) is unnecessary, and his compassionate release motion will be denied.

### **PROCEDURAL HISTORY**

After being charged with five firearms and drug crimes, Mr. Avery pled guilty to Count One, possession with intent to distribute 42.6 grams of cocaine base; Count Three, possession of a firearm in furtherance of drug trafficking crimes; and Count Five, possession with intent to distribute 13.1 grams of cocaine base. Doc. 13. Mr. Avery attained career offender status under the Sentencing Guidelines, Doc. 48 at ¶ 21, and he was sentenced at the low end of the guideline range to 202 months on the crack cocaine

charges in Counts One and Five, to run concurrently. Doc. 19. He received a sentence of 60 months on the gun charge in Count Three, to run consecutively as required by statute. Doc. 19. His sentences were affirmed on appeal. Doc. 27.

After the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) changed the way that federal courts evaluate North Carolina convictions for felony status, Mr. Avery filed a § 2255 motion, contending his attorney had provided ineffective assistance of counsel by failing to object to the use of a 1996 North Carolina conviction as a basis for his career offender status. Doc. 34 at 3. Because the 1996 conviction was not one of the predicate convictions used to establish his career offender status, his motion was denied. Doc. 43 at 1.[1]

Shortly after the passage of the First Step Act, Mr. Avery filed a motion for a sentence reduction, Doc. 55, based on § 404, which authorizes courts to reduce sentences for defendants sentenced before the Fair Sentencing Act was enacted if the Act modified the statutory penalty for the relevant criminal statute. *See United States v. Wirsing*, 943 F.3d 175, 180 (4th Cir. 2019). This includes Mr. Avery's convictions involving cocaine base. *See id.* at 176–77. Counsel was appointed to represent him, Doc. 56, the probation office recalculated his guideline range, Doc. 59, and counsel for the government and Mr. Avery filed briefs. Docs. 61, 62.

In the meantime, the COVID-19 pandemic erupted. Relying on the compassionate release provisions in the First Step Act, 18 USC § 3582(c)(1)(A), Mr. Avery filed a *pro*

---

[1] The district court adopted the magistrate judge's recommendation in full. Doc. 46.

*se* motion for a sentence reduction based on the spread of the virus at the prison where he is incarcerated and his specific health risks. Doc. 60. Because of the overlap in § 3553(a) considerations relevant to both his First Step Act § 404 motion and compassionate release motion, and in order to resolve both motions at the same time, the Court appointed counsel to represent Mr. Avery on the compassionate release motion and an amended motion was filed. *See* Doc. 65; Text Order 8/30/2020. Briefing has been completed and the motions are ripe for review.

## FACTS

Mr. Avery is 47 years old. Doc. 48 at 2. He has a long criminal history beginning at age 18, when he pled guilty to several driving-related misdemeanors and possession of a weapon on school grounds. *Id.* at ¶¶ 25–27. The next year, at age 19, Mr. Avery pled guilty to simple assault, *id.* at ¶ 28, and he has continued to commit crimes, including assaults inflicting serious injuries, *id.* at ¶¶ 29, 32, firearms violations, *id.* at ¶¶ 30, 40, robbery, *id.* at ¶ 38, and serious drug offenses, *id.* at ¶¶ 31, 33, 34, 41, whenever he is not incarcerated. He reached habitual felon status in state court and served over 7 years in prison for felony possession with intent to sell cocaine. *Id.* at ¶ 41.

Within a year of release after the habitual felon sentence, he committed the instant crimes. Specifically, in April 2007, Mr. Avery sold cocaine to a confidential informant. *Id.* at ¶¶ 4–5. Based on the controlled sale, officers obtained a search warrant for Mr. Avery's residence and seized 42.6 grams of cocaine base, over $1,000 in cash, a lot of marijuana, and a loaded firearm. *Id.* at 4–6. Mr. Avery was released without being arrested because he agreed to cooperate with the police. Warrants were eventually issued

3

based on the April 2007 drugs and firearm possession, and when the police arrested Mr. Avery, he had 13.1 grams of cocaine base. *Id.* at ¶ 8.

As discussed *supra*, Mr. Avery pled guilty to Counts One and Five, possession with intent to distribute cocaine base, and Count Three, possession of a firearm in furtherance of drug trafficking crimes. In December 2008, he was sentenced to 262 months imprisonment (202 months on Counts One and Five, concurrent, and 60 months consecutive on Count Three) followed by 5 years of supervised release on each count. *See* Doc. 19.

Mr. Avery has been incarcerated some 13 years. Doc. 48 at 1. While incarcerated, Mr. Avery has developed Type 2 diabetes, obesity, and hypertension. Doc. 65-2 at 60–61. He also suffers from blindness in his left eye due to a stabbing incident in 1998. *Id.* at 67. Mr. Avery has completed over 180 hours of educational courses ranging from parenting programs to writing and vocational classes. Doc 59 at 3. He has received one disciplinary infraction for failing to follow safety regulations, which occurred over 10 years ago. *Id.* His projected release date is December 8, 2025. *Id.*

Mr. Avery is housed at FCI Forrest City Low, Doc. 65 at 13, which currently reports no inmate or staff deaths, 626 inmate and 4 staff recoveries from the virus, and 55 inmates and 12 staff presently positive. *See COVID-19 Coronavirus*, FED. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Nov. 17, 2020). This is an alarming outbreak, and while it appears that the BoP is making progress in containing the spread of the virus, it maintains a significant presence at the facility. *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and*

4

Case 1:07-cr-00302-CCE   Document 67   Filed 11/18/20   Page 4 of 10

*Detention Facilities*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html#correctional-facilities (last visited Nov. 17, 2020) (noting the "unique challenges" correctional and detention facilities face in controlling virus transmission among incarcerated persons, staff, and visitors).

## DISCUSSION

Courts do not have unfettered jurisdiction or discretion to modify criminal sentences. *United States v. Goodwyn*, 596 F.3d 233, 235–36 (4th Cir. 2010). A court may modify a sentence only when a provision in the Federal Rules of Criminal Procedure or a statute expressly permit it to do so. *See* 18 U.S.C. § 3582(c)(B).

Section 404 of the First Step Act expressly authorizes courts to modify certain criminal sentences imposed before the Fair Sentencing Act became effective on August 3, 2010. In § 404, Congress essentially made the provisions of the Fair Sentencing Act retroactive. *See United States v. Charles*, 932 F.3d 153, 162 (4th Cir. 2019). The Court must consider the relevant § 3553(a) sentencing factors before granting relief under § 404(b). *See United States v. Chambers*, 956 F.3d 667, 674 (4th Cir. 2020) (collecting cases). Under § 404(b), the resentencing court has discretion to "vary from the Guidelines and, in doing so, to consider movants' post-sentencing conduct." *Id.*

Section 3582(c)(1)(A), commonly called the "compassionate release" provision, is another statutory provision that authorizes courts to reduce final sentences. In order for a sentence reduction under § 3582(c)(1)(A) to be appropriate, the statute requires by its terms that the movant has exhausted his administrative remedies and that extraordinary

5

and compelling reasons exist for a sentence reduction. *See United States v. Redd*, 444 F. Supp. 3d 717, 721–22 (E.D. Va. 2020).[2] Courts must consider the relevant § 3553(a) sentencing factors before granting relief under § 3582(c)(1)(A). It is within a court's discretion to deny such motions even when extraordinary and compelling circumstances exist if the § 3553(a) factors do not support a sentence reduction. *United States v. Webster*, No. 3:91CR138 (DJN), 2020 WL 618828, at *5 (E.D. Va. Feb. 10, 2020) (collecting cases where courts denied compassionate release based on the § 3553(a) factors despite finding that extraordinary and compelling circumstances existed).

**A. Eligibility Under § 404**

Congress enacted the Fair Sentencing Act in 2010, a few years after Mr. Avery's crimes, to address the disparity in sentences between crack cocaine offenses and powder cocaine offenses. *United States v. Black*, 737 F.3d 280, 282 (4th Cir. 2013). Among other changes, the Fair Sentencing Act increased the drug amount triggering a mandatory 5-year minimum prison term for crack-trafficking offenses from 5 grams to 28 grams. *Dorsey v. United States*, 567 U.S. 260, 269 (2012).

Specifically, § 404 provides that upon motion from a defendant, the Court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." *Wirsing*, 943 F.3d at 176.

---

[2] The statute also requires that any sentence reduction is consistent with any applicable Policy Statements issued by the Sentencing Commission. The Sentencing Commission has not yet adopted any policy statement applicable to motions filed directly by defendants. The Court has considered the policy statement applicable to BoP motions as helpful but non-binding guidance. *See United States v. Beck*, 425 F. Supp. 3d 573, 578–80 (M.D.N.C. 2019).

A covered offense is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." First Step Act, Pub. L. No. 115-391, § 404(a), 132 Stat. 5194, 5222 (2018).

As discussed *supra*, Mr. Avery pled guilty to two counts of possession with intent to distribute cocaine base. Both counts involved more than 5 grams, and under the law at the time, each count carried a five-year mandatory minimum sentence, as did the firearm charge. 18 U.S.C. § 924(c). If Mr. Avery had been sentenced under the provisions of the Fair Sentencing Act, he would not have been subject to a five-year mandatory minimum sentence on Count Five, which involved 13.1 grams of crack cocaine. Instead, the statutory penalty for Count Five would be not more than 20 years of imprisonment and not less than 3 years of supervised release. Doc. 59 at 2. Therefore, as all parties agree, Mr. Avery is eligible for a sentence reduction under § 404.

### B. Eligibility Under § 3582(c)(1)(A)

Mr. Avery filed his compassionate release motion on July 27, 2020, more than 30 days after he submitted his request to the warden. As the government agrees, Doc. 66 at 2, he has complied with the statutory exhaustion requirement.

According to current CDC guidance, persons with Type 2 diabetes and obesity are at increased risk of severe illness if they contract COVID-19. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov. 17, 2020). The CDC also reports that individuals with hypertension "might" be at an increased risk. *See id.*

In light of his health problems, the relevant CDC guidance about COVID-19, and the ongoing circulation of the virus at Forrest City Low FCI, the Court finds, and the government agrees, Doc. 66 at 9–10, that Mr. Avery has shown extraordinary and compelling reasons for a sentence reduction.

**C. Evaluation of an Appropriate Sentence Reduction in Light of § 3553(a)**

As previously noted, because of § 404, Mr. Avery is no longer subject to the five-year statutory minimum sentence on Count Five. The statutory penalty for Count One remains 5 to 40 years of imprisonment and not less than 4 years of supervised release, as that count involved 42.6 grams of cocaine. The statutory sentencing provisions for possession of a firearm in connection with a drug trafficking crime were not affected by the Fair Sentencing Act. A violation of that statute, now as then, carries a mandatory minimum prison sentence of 60 months.

Mr. Avery's guideline range for Counts One and Five was driven by his career offender status, Doc. 48 at ¶¶ 21–23, as he had prior convictions for common law robbery and felony possession with intent to sell and deliver cocaine. *Id*. at ¶ 21. His career offender status made his guideline range for Counts One and Five 202 to 267 months, which, when combined with the mandatory minimum term of 60 months required for Count Three, pushed his range to 262 to 327 months. *Id*. at ¶ 72. Under the current Sentencing Guidelines, Mr. Avery's advisory guideline range remains 262 to 327 months as it is driven by his career offender status and not by the drug amounts. Doc. 59 at 2; *see* Doc. 62 at 3 n.2.

Mr. Avery's original sentence on all three counts was 262 months, which was the bottom of the guideline range. But when Mr. Avery was sentenced, 42.6 grams of cocaine was at the upper end of the range (5.0 to 49.99 grams) punishable by 5 to 40 years in prison, and now it is closer to the bottom of the range (28.0 to 279.99 grams) triggering the same statutory penalty. *Compare* 21 U.S.C. § 841(b)(1)(A), (b)(1)(B) (2006), *with* 21 U.S.C. § 841(b)(1)(A), (b)(1)(B) (2012). In light of the Fair Sentencing Act's upward shift in the sentencing scale for crack cocaine offenses, a review of the nature and circumstances of the offense, and Mr. Avery's positive post-sentence conduct, a sentence reduction is appropriate. *See United States v. Woodson,* 962 F.3d 812, 817 (4th Cir. 2020) ("[E]ven defendants whose offenses remain within the same subsection after Section 2's amendments are eligible for relief, and modification of the range of drug weights to which the relevant subsection applies may have an anchoring effect on their sentence. . . . A district court may find this shift relevant to determining the appropriate sentence for a particular offender.").

While a reduction is appropriate, a time-served sentence is not appropriate, and the reduction will be limited to his sentences on Counts One and Five, the drug crimes. Mr. Avery has a terrible criminal record, and he repeatedly committed new crimes after serving prison sentences, including a long state sentence based on his habitual felon status. Doc. 48 at ¶¶ 21–23. There is a significant need for his sentence to provide specific deterrence and to protect the public; a large sentence reduction would not meet those sentencing goals. The statutory sentencing range for his firearms conviction has not changed, and Mr. Avery received the statutory minimum sentence for that crime. A

9

reduction in sentence for his firearms charge would minimize the seriousness of that offense and would not promote respect for the law.

The Court has taken Mr. Avery's health and the risks from the virus into account. Those risks are not certain to manifest, and a lay review of his medical records shows that Mr. Avery is receiving good healthcare for his medical issues. More importantly, a sentence reduction to time served would not provide specific deterrence, protect the public, or recognize the seriousness of the offenses.

In light of its consideration of all the relevant factors, some of which are summarized here, the Court concludes that Mr. Avery's sentences for Counts One and Five should be reduced to 180 months each, to run concurrently. His supervised release term on Count 5 is reduced to three years.

It is **ORDERED** that the defendant's motion to reduce sentence under the First Step Act, Doc. 55, is **GRANTED** and his sentences on Counts One and Five are reduced to 180 months, to run concurrently; his supervised release on Count Five is reduced to 3 years. His sentence on Count Three remains 60 months, to run consecutively to Counts One and Five.

**IT IS FURTHER ORDERED** that the defendant's motions for compassionate release, Docs. 60, 65, are **DENIED**.

This the 18th day of November, 2020.

_____
UNITED STATES DISTRICT JUDGE